IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILLARD S. BETHEA,<br><br>　　　　Plaintiff.<br><br>　　v.<br><br>THERESA DELBALSO,<br>SUPERINTENDENT, *et al.*,<br><br>　　　　Defendants. | No.  3:19-CV-01713<br><br>(Judge Brann) |

**MEMORANDUM OPINION**

**OCTOBER 15, 2020**

## I.　BACKGROUND

Plaintiff Hillard Bethea, a Pennsylvania state prisoner incarcerated at SCI–Mahanoy in Frackville, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that prison officials confiscated and destroyed 170 personal photographs he "concealed" in his pockets.[1]  Plaintiff has also filed a motion to proceed *in forma pauperis*.[2] For screening purposes, that motion will be granted and the complaint dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.　FACTUAL ALLEGATIONS

On the evening of May 14, 2018, during "rec/yard movement," Corrections Officer ("CO") Brzozowski confiscated 170 photographs Bethea ("Plaintiff")

---

[1] Doc. 1.
[2] Doc. 2.

concealed in his pocket. CO Brzozowski did not issue Plaintiff a confiscation receipt for the photographs.[3] Plaintiff filed Grievance No. 737989 on May 20, 2018, concerning the confiscation.[4] Lt. Trometter denied Plaintiff's grievance on May 30, 2018.[5] Plaintiff alleges Lt. Trometter "allow[ed] her officers" to forge his name on "a confiscation slip in agreement for the photographs to be destroyed."[6] Plaintiff claims he raised his complaint with Superintendent DelBalso who "never responded" to his grievance.[7] On June 3, 2018, Plaintiff filed an appeal to final review.[8]

Plaintiff seeks the return of his photographs or monetary compensation for their loss.[9]

## III.   DISCUSSION

Sections 1915(e)(2) and 1915A of Title 28 require a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis* and in which a plaintiff is incarcerated.[10] The Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[3] Doc. 1 at ¶ 1.
[4] *Id.* at 5.
[5] *Id.* at 6.
[6] *Id.* at ¶ 2.
[7] *Id.* at ¶ 3.
[8] *Id.* at 7.
[9] *Id.* at 3.
[10] *See* 28 U.S.C. §§ 1915(e)(2), 1915A.

from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding *in forma pauperis* and is also incarcerated.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.[11] "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[12] "[A] pleading that offers 'label or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[13] In determining whether a complaint states a plausible claim for relief, this Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor."[14]

Given Plaintiff's allegations concerning the alleged intentional destruction of his personal property, the Court construes his claim as a Fourteenth Amendment violation for the deprivation of property without due process of law. Neither the negligent nor the unauthorized intentional deprivation of property by a state

---

[11] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).
[12] *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[13] *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[14] *Alpiza–Fallas v. Favero*, 908 F.3d 910, 914 (3d Cir. 2018).

3

employee gives rise to a due process violation if state law provides an adequate post–deprivation remedy.[15]

The United States Court of Appeals for the Third Circuit has held that the Pennsylvania Department of Correction's ("DOC") prison grievance system constitutes an adequate post–deprivation remedy.[16] Pennsylvania tort law also provides an adequate remedy for prison officials' unlawful deprivation of inmate property.[17] Plaintiff asserts that he availed himself of the DOC's grievance system. Thus, an adequate post–deprivation remedy was available to him. To the extent Plaintiff argues that his grievance was wrongfully denied or mishandled, he has not alleged the denial of a federal right.[18] Likewise, if dissatisfied with the grievance process or its result, Plaintiff had a suitable remedy under the Pennsylvania Tort Claims Act.[19] Therefore, Plaintiff's Fourteenth Amendment procedural due process claim is subject to dismissal pursuant to 24 U.S.C. § 1915(e)(2)(B)(ii) as it fails to state a cognizable constitutional claim.

---

[15] *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (negligent acts of officials causing unintentional loss of property does not violate due process); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process if meaningful post–deprivation remedy for loss is available.)

[16] *See Monroe v. Beard*, 536 F.3d 198, 210 (3d Cir. 2008); *see also Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison's grievance program and internal review provides an adequate post–deprivation remedy to satisfy due process).

[17] *See* 42 PA. CONS. STAT. ANN. § 8522 (b)(3); *see also Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (Pennsylvania Tort Claims Act provides adequate remedy for willful destruction of property).

[18] *See Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam).

[19] *See Hernandez v. Corr. Emergency Response Team*, 771 F. App'x 143, 145 (3d Cir. 2019) (per curiam) ("Even if the prison grievance procedures could be considered constitutionally inadequate, Pennsylvania's state tort law would provide an adequate remedy.")

## IV.    LEAVE TO AMEND

When a complaint fails to present a *prima facie* case of liability, district courts must grant leave to amend before dismissing the complaint unless amendment would be futile.[20]  For the reasons set forth above, Plaintiff's claims against the Defendants are legally flawed and therefore incurable.  Consequently, the Court concludes that curative amendment would be a futile endeavor.

## V.    CONCLUSION

Based on the foregoing, Bethea's motion to proceed *in forma pauperis* will be granted but his complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[20]  *See Grayson* v. *Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).